UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CATHERINE DEEGAN PATTERSON, )
Individually and as she is the )
Administratrix of the Estate of )
Edward "Teddy" Deegan, )
and YVONNE DEEGAN GIOKA, )
    Plaintiffs, )
)
v. )
)
UNITED STATES OF AMERICA )
and DENNIS CONDON )
    Defendants )
_____)

04 11817 JLT

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE ___

## COMPLAINT FOR RELIEF AND JURY DEMAND

 1. Catherine Deegan Patterson is a resident of the state of New Hampshire and is the duly appointed Administratrix of the Estate of her father, Edward "Teddy" Deegan.

 2. Yvonne Deegan Gioka is a resident of the state of New York and is the daughter of Edward "Teddy" Deegan.

 3. United States of America is a defendant herein pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346 and 2671 et seq. (hereinafter "FTCA") arising from the intentional and/or negligent and other wrongful acts and/or omissions of employees or agents of the Federal Bureau of Investigation ("FBI"), an agency of the United States pursuant to 28 U.S.C. §533 and 28 U.S.C. §2671 et seq., while those agents and employees were acting within the scope of their office or employment as law enforcement officers of the United States government.

 4. Defendant Dennis Condon, was, during the relevant time alleged in the complaint, a special agent of the FBI and was acting within the scope of his office or employment as such. Condon is sued individually and in his (former) official capacity. The resident address of Condon is unknown.

### JURISDICTION

 5. Jurisdiction is grounded upon 28 U.S.C. §1346 because the complaint brings claims for relief under the Federal Tort Claim Act 28 U.S.C. §2671 et seq. (FTCA).

 6. The jurisdiction of this Court is also founded upon 28 U.S.C. §1367 because the complaint states causes of action so related to claims falling within the original

1

jurisdiction of the Court that these claims form part of the same "case or controversy" as that term has meaning under Article III of the United States Constitution.

7. On January 27, 2003, the Estate of Edward "Teddy" Deegan, through counsel at that time, Anthony Cardinale, presented to the FBI in Boston the Estate's administrative claim for relief pursuant to the FTCA. As a matter of information and belief, the United States has failed to make any final disposition of the foregoing administrative claim.

8. On December 5, 2003, plaintiff Catherine Deegan Patterson, individually and as the Administratrix of the Estate of Edward "Teddy" Deegan, and Yvonne Gioka presented their administrative claims for relief pursuant to the FTCA to the FBI-Boston. United States finally denied that claim in March, 2004.

9. Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(b) where a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the District of Massachusetts.

## GENERAL ALLEGATIONS

10. This case arises out of the murder of Edward "Teddy" Deegan on March 12, 1965 in Chelsea, Massachusetts, as a result in principal part of the conduct of Vincent James Flemmi.

11. At or around the time of Deegan's death, Vincent James Flemmi was an FBI informant.

12. As early as the fall of 1964, the FBI, which was considering recruiting Flemmi as an informant, received information that Flemmi was an extremely dangerous individual and that he may have committed several murders. Special Agent H. Paul Rico and defendant had this information. Nevertheless, Rico and Condon continued to recruit Flemmi as an informant.

13. On or about March 9, 1965, an informant advised FBI agents in Boston that Flemmi and Joseph Barboza had contacted Raymond Patriarca, an organized crime figure in Providence, and that explained to Patriarca that they were having a problem with Teddy Deegan and that they wished to obtain the okay to kill him. This information was forwarded in a message to the FBI director and other FBI offices on March 12, 1965. Prior to March, 1965, the FBI had other information that Flemmi was contacting Patriarca.

14. In late 1964, H. Paul Rico wrote a memorandum indicating that an informant had told him that Flemmi wanted to kill Deegan because Deegan had allegedly participated in the killing of someone else.

15. After the murder of Teddy Deegan, the FBI was advised by an informant that Flemmi had murdered Deegan, as well as others.

16. Although FBI agents, Rico and Condon, at least, knew prior to March 12, 1964, that Flemmi was not qualified, suitable or appropriate to serve as an informant of

2

the FBI, they and their supervisors failed to follow proper guidelines and procedures in selecting Flemmi as an informant and in monitoring and approving the actions of Flemmi. As a result, Flemmi was allowed and/or encouraged to engage in criminal activitiy, including murder and conspiracy to murder and commit other crimes.

17. Rico and/or Condon and other FBI agents knew directly or indirectly of the planned murder of Edward Deegan prior to March 12, 1965, and knew that Flemmi had gone to Providence to obtain the okay from Patriarca to kill Deegan. Rico, Condon and other agents of the FBI failed and neglected to warn Deegan, failed to control the activities of their informant, Flemmi, and failed to take any steps to prevent the murder. As a direct result, Edward Deegan was murdered on March 12, 1965.

18. After the murder of Deegan, the FBI and its agents, including Rico and Condon concealed their relationship with Vincent Flemmi and concealed their prior knowledge of the plan to kill Deegan. This concealment formed part of a conspiracy to cover up the shameful and wrongful conduct of the FBI with respect to its informants, including, but not limited to, Stephen "The Rifleman" Flemmi and James "Whitey" Bulger. As a result of the cover-up by the FBI, not only were the plaintiffs kept in the dark for decades about the FBI's complicity in the murder of their father, but other individuals, including Peter Limone and Joseph L. Salvati were convicted for the murder of Deegan and were sent to prison.

## COUNT I

This Count is brought pursuant to M.G.L.c. 229, §2, for the wrongful death of Edward "Teddy" Deegan.

19. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 18, inclusive.

20. The agents, representatives, employees and servants of the United States, including, but not limited to, H. Paul Rico and Dennis Condon, through their negligent acts and omissions proximately and directly caused the death of plaintiffs' decedent, Edward "Teddy" Deegan. Their negligence included, but was not limited to, cultivating James Flemmi and enrolling him as an informant when they knew that James Flemmi was a dangerous individual who had probably murdered others, their failure to control Flemmi or their attempt to control Flemmi in his misconduct and their failure to warn Deegan or to take other steps to prevent Deegan's murder, although they had knowledge that Flemmi had planned and had taken steps to prepare for the murder of Deegan.

21. The defendant United States is responsible vicariously for the conduct of its employees, servants, agents and representatives.

22. The Estate of Edward "Teddy" Deegan, through its Administratrix, seeks recovery here for the benefit of those permitted to recover pursuant to M.G.L.c. 229, §1, for the loss of Edward "Teddy" Deegan, including the loss of his reasonably expected services, protection, affection, support, care, assistance, society, companionship, comfort, guidance and counsel and advice.

WHEREFORE, Catherine Deegan Patterson, as the Administratrix of the Estate of Edward "Teddy" Deegan, demands judgment against the United States of America for Forty Million Dollars or in an amount which will justly compensate the Estate for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT II

This Count is brought pursuant to M.G.L.c. 229, §2, for the wrongful death of Edward "Teddy" Deegan.

23. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 22, inclusive.

24. The United States, acting through its FBI leadership, did negligently supervise its employees, agents, representatives, and servants, including, but not limited to, H. Paul Rico and Dennis Condon, agents of the FBI in the Boston office and that negligent supervision was a substantial contributing cause to the death of Edward Deegan. The negligent supervisory acts of defendant United States include, but are not limited to, a failure properly to monitor the conduct of its FBI agent and failure to establish and enforce reasonable and reliable methods to ensure that the FBI's informants and prospective informants did not commit serious crimes with impunity. The defendant United States's negligent supervision also includes its failure to discover and takes efforts to discover the cover-up initiated and maintained by FBI agents with respect to the individuals actually responsible for the death of Deegan and their failure to prevent the unlawful, unconstitutional and improper prosecution of innocent individuals, including Salvati and Limone for the death of Deegan.

25. The Estate of Edward "Teddy" Deegan, through its Administratrix, seeks recovery here for the benefit of those permitted to recover pursuant to M.G.L.c. 229, § for the loss of Edward "Teddy" Deegan, including the loss of his reasonably expected services, protection, affection, support, care, assistance, society, companionship, comfort, guidance and counsel and advice.

WHEREFORE, Catherine Deegan Patterson, as the Administratrix of the Estate of Edward "Teddy" Deegan, demands judgment against the United States of America for Forty Million Dollars or in an amount which will justly compensate the Estate for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT III

This Count is brought pursuant to M.G.L.c. 229, §2, for the wrongful death of Edward "Teddy" Deegan.

26. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 25, inclusive.

27. The agents, servants, representatives and employees of defendant United States, including highly placed members of the FBI engaged in a civil conspiracy which

4

led to the death of Deegan and the cover-up of the true facts of his death, including the participation of James Flemmi, an FBI informant in that death.

28. As a direct and proximate result of the civil conspiracy, Edward Deegan was murdered and the true facts of his murder were concealed for many years through a concerted effort and conspiracy.

29. The Estate of Edward "Teddy" Deegan, through its Administratrix, seeks recovery here for the benefit of those permitted to recover pursuant to M.G.L.c. 229, §1 for the loss of Edward "Teddy" Deegan, including the loss of his reasonably expected services, protection, affection, support, care, assistance, society, companionship, comfort, guidance and counsel and advice.

WHEREFORE, Catherine Deegan Patterson, as the Administratrix of the Estate of Edward "Teddy" Deegan, demands judgment against the United States of America for Forty Million Dollars or in an amount which will justly compensate the Estate for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT IV

This Count is brought by Catherine Deegan Patterson to recover for the emotional distress resulting from the tortious conduct of the defendant United States.

30. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 29, inclusive.

31. As a direct and proximate result of the tortious acts of the United States and its agents, representatives and servants for which the United States is responsible, plaintiff Catherine Deegan Patterson has experienced great and long lasting emotional distress.

WHEREFORE, the plaintiff Catherine Deegan Patterson, individually, demands judgment against the United States of America for Ten Million Dollars or in an amount which will justly compensate her for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT V

This Count is brought by Yvonne Deegan Gioka to recover for the emotional distress resulting from the tortious conduct of the defendant United States.

32. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 31, inclusive.

33. As a direct and proximate result of the tortious acts of the United States and its agents, representatives and servants for which the United States is responsible, plaintiff Yvonne Deegan Gioka has experienced great and long lasting emotional distress.

WHEREFORE, the plaintiff Yvonne Deegan Gioka, individually, demands judgment against the United States of America for Ten Million Dollars or an amount which will justly compensate her for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT VI

This Count is a claim for wrongful death against defendant Condon brought pursuant to <u>Bivens</u> for conspiracy and other intentional acts to protest Vincent Flemmi and his involvement in the Deegan murder.

34. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 33, inclusive.

35. Both prior to and after the death of Teddy Deegan, defendant Condon did conspire with his fellow FBI agents, including H. Paul Rico to permit Vincent Flemmi to engage in criminal conduct, to recruit Flemmi and retain him as an informant and to conceal his criminal conduct, including with respect to the death of Edward Deegan and, as a result thereof, plaintiffs' decedent, Deegan, was deprived of his rights under the United States Constitution, the Fourth and Fifth Amendments, including the deprivation of his life and liberty without due process.

36. The conduct of defendant Condon as complained of was a direct and proximate cause of the death of Edward Deegan and the emotional anguish of the daughters of Edward Deegan, plaintiffs in this case.

WHEREFORE, the plaintiff Catherine Deegan Patterson, as the Administratrix of the Estate of Edward "Teddy" Deegan, demands judgment against defendant Condon for Forty Million Dollars or an amount which will justly compensate the Estate for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT VII

This Count is a claim brought on behalf of Catherine Deegan Patterson, individually, for emotional distress.

37. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 36, inclusive.

38. Defendant Condon, while acting under color of law of the United States and with deliberate indifference to decedent Edward Deegan's Constitutional rights, denied the decedent the substantive right not to be deprived of his life and liberty without due process under the Fifth Amendment and the right to be secure in his person under the Fourth Amendment.

39. As a direct and proximate result of the conduct of defendant Condon, plaintiff Catherine Deegan Patterson has been deprived of her father and has experienced great emotional distress.

WHEREFORE, the plaintiff Catherine Deegan Patterson, individually, demands judgment against defendant Dennis Condon for Ten Million Dollars or an amount which will justly compensate her for the wrongful death of Deegan, together with attorneys' fees, interest, costs and such other relief as the Court may deem just.

## COUNT VIII

This Count is a claim brought on behalf of Yvonne Deegan Gioka, individually, for emotional distress.

40. The plaintiffs restate and incorporate herein by reference each and every averment in paragraph 1 through 39, inclusive.

41. Defendant Condon, while acting under color of law of the United States and with deliberate indifference to decedent Edward Deegan's Constitutional rights, denied the decedent the substantive right not to be deprived of his life and liberty without due process under the Fifth Amendment and the right to be secure in his person under the Fourth Amendment.

42. As a direct and proximate result of the conduct of defendant Condon, plaintiff Yvonne Deegan Gioka has been deprived of her father and has experienced great emotional distress.

WHEREFORE, the plaintiff Yvonne Deegan Gioka, individually, demands judgment against defendant Dennis Condon for Ten Million Dollars or an amount which will justly compensate her for her damages, including attorneys' fees, interest, costs and such other relief as the Court may deem just.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS COMPLAINED OF HEREIN**

Respectfully submitted,
Plaintiffs,
By their attorneys,

_____
Neil Rossman, BBO#430620

_____
Paul F. Denver, BBO#120755
Rossman & Rossman
Marketplace Center – North
200 State Street
Boston, MA 02109
(617) 439-9559

DATED: 8/20/04