# TAB 6



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*
*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 19, 2000

John Cavicchi, Esquire
Attorney at Law
25 Barnes Avenue
East Boston, MA 02128

        RE: Disclosure of FBI Documents Relating to the
             March 12, 1965 Murder of Edward "Teddy" Deegan

Dear Mr. Cavicchi:

    This letter and its enclosures are being sent in response to your letter to me dated 11/16/2000, in which you asked that I provide "any information" that would assist you in responding to a Court Order in the matter of the <u>Commonwealth of Massachusetts v. Peter Limone</u>, Superior Court Crim. No. 32367, 69-70, which is pending before the Honorable Margaret R. Hinkle. As you explain, this Order requires you to file a Non-Live Witness Statement listing police reports, affidavits, transcripts and any other documents that you intend to rely upon in support of your motion for a new trial filed on behalf of your client, Peter Limone. I understand the matter being heard relates to your client's conviction for the 1965 murder of Edward "Teddy" Deegan and involves your motion for a new trial in that case.

    In response to your request, FBI employees assigned to the Justice Task Force (JTF) initiated a review of Boston FBI informant, intelligence and investigative files that contain information that dates back to the 1950s and 1960s. JTF's search first determined that around the time Deegan was murdered, Vincent James Flemmi was an FBI informant. According to the file maintained in support of efforts to develop Flemmi as an informant, focus on Flemmi's potential as a source began on about 3/9/1965. The first reported contact with Flemmi was by FBI Boston Special Agent (SA) H. Paul Rico on 4/5/1965. The informant file was officially opened and assigned to SA Rico on 4/15/1965 and reflects that Flemmi was contacted a total of five times as an informant, each time by SA Rico. The dates of contact were 4/5/1965, 5/10/1965, 6/4/1965, 7/22/1965 and 7/27/1965. Flemmi's file was closed on 9/15/1965 after Flemmi was charged with a crime, unrelated to the Deegan murder.

    Vincent James Flemmi's informant file was found to contain two documents that relate to the Deegan murder, one of which is a summary of information known by the Boston FBI about Flemmi's criminal activities at the time he was opened as an informant. This summary includes information previously reported to the FBI by other sources. The JTF attempted to review these other source files and any other intelligence files where their information may have been filed. Efforts have also been made to locate any investigative files that relate to the Deegan murder.

Thus far, a total of five documents have been located that appear to be responsive to your request. These are: 1) 3/15/1965 Memorandum from Boston SA H. Paul Rico to the SAC, Boston, reporting a contact with a source on 3/10/1965. 2) 3/15/1965 Memorandum from Boston SA H. Paul Rico to the SAC, Boston, reporting a contact with the same source on 3/13/1965. 3) 3/19/1965 Airtel from SAC, Boston to Director, FBI, entitled "Criminal Intelligence Program, Boston Division" summarizing developments during that week. 4) 4/22/1965 Memorandum from a Boston "Correlator" to the SAC, Boston, entitled "Vincent James Flemmi, Aka (sic)" which summarizes information in FBI files known about Flemmi at the time he was opened as an informant. 5) 6/9/1965 Airtel from SAC, Boston, to Director, FBI, entitled "BS-9190-PC" which reports on the status of efforts to develop Vincent James Flemmi as an FBI informant. (These documents have been sequentially numbered 00001 thru 000026.)

Several impediments to the JTF's search for records were encountered. Since the Deegan murder occurred over 30 years ago, many files that could logically contain relevant information were routinely destroyed years ago. For example, the enclosed 4/22/1965 summary memorandum references many other source reports that contain the original record of this information. Efforts to locate these original records have been unsuccessful. As a result, this summary memorandum represents the only surviving record of its information. Simply stated, the raw source data that was originally reported appears to no longer exist. Efforts continue to locate copies of this data that may have been filed in intelligence files.

Only two informants have been found to have reported information relating to the Deegan murder after the murder occurred. Enclosures 1 and 2 report information from the same source and Enclosure 3 appears to report information from this source to FBI Headquarters. Each of the files for the informants whose information is contained in the enclosures appears to have been the subject of routine destruction. In this regard, however, I would note that a case file containing information from Joseph Baron (Barboza) was located on this date, and a review of that file will begin shortly.

You will note that the attachments have been subjected to a routine redaction process which removes information that is not relevant to your request or has otherwise been lawfully excluded. It should be noted that the JTF is not completely familiar with the issues before Judge Hinkle. In addition, the JTF has not completed its review of the many FBI files from the Deegan murder time frame. Therefore, it can not be stated with certainty at this time that the attached documents represent the only relevant material in FBI files. If either party to the Limone matter wishes to provide greater specificity as to the materials that would be relevant to that proceeding, the JTF will consider this information in its record search. Regardless of whether such a request is received, the JTF will promptly advise you if any additional relevant documents are discovered.

As you know, the JTF has also been in contact with Attorney Victor Garo who represents Joseph Salvati. Mr. Garo previously has brought issues regarding Salvati's conviction for the

-2-

Deegan murder before the Superior Court and is continuing his efforts to exonerate Salvati for this murder. These documents also appear to be relevant to concerns previously expressed to the JTF by Attorney Victor Garo on behalf of his client, Joseph Salvati, and, therefore, copies are being provided to him.

Let me conclude by stating that the JTF, the United States Attorney's Office, the Boston FBI Office and FBI Headquarters understand the potential significance of the enclosures to Mr. Limone and Mr. Salvati. These documents are being made available to you with the concurrence and encouragement of the Boston FBI and FBI Headquarters. Collectively, efforts will continue to locate other documents that may be responsive to your concerns. If you have questions concerning the enclosures, please do not hesitate to contact me at telephone number (617) 854-1500 (Justice Task Force, 18 Tremont Street, Suite 300, Boston, MA 021308), or (203) 821-3700 (United States Attorney's Office, 157 Church Street, 23rd Floor, New Haven, CT 06510).

Very truly yours,

DONALD K. STERN
United States Attorney

JOHN H. DURHAM
Special Attorney

cc:   Assistant District Attorney Mark Lee w/ Enclosures
      William Koski, Esquire w/ Enclosures
      Victor Garo, Esquire w/ Enclosures

Donald K. Stern
United States Attorney

Charles Prouty
SAC FBI Boston

-3-