UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE DEEGAN PATTERSON, Individually and as she is the Administratrix of the Estate of Edward "Teddy" Deegan, and YVONNE DEEGAN GIOKA, Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and DENNIS CONDON Defendants | CIVIL ACTION NO. 04-11817 JLT |

## MOTION OF THE PLAINTIFFS FOR LEAVE TO SUBMIT ADDITIONAL EVIDENTIARY MATERIALS

Now come the plaintiffs, Catherine Deegan Patterson, individually and as Administratrix of the Deegan Estate and Yvonne Deegan Gioka, individually, and request leave of this Court to submit additional evidentiary materials in opposition to the United States motion to dismiss the complaint.

As grounds for this motion, the plaintiffs say that the issue in this motion to dismiss is when the cause of action for the Estate of Edward "Teddy" Deegan occurred under the Federal Torts Claim Act. The United States has argued that the date of accrual is January 8, 2001. Therefore, any notice of an administrative claim would have to be filed within two years of that date.

The plaintiffs dispute the application of that date. Although there may have been publicity as of that date in the Boston area media regarding the possibility that the FBI had foreknowledge of plans by the underworld individuals to kill Edward "Teddy" Deegan. The plaintiff Catherine Deegan Patterson did not know anything about those

1

claims until February 2001. Although she filed an administrative claim on December 5, 2003, her uncle Richard Deegan filed such a claim on January 27, 2003. The plaintiffs have adopted Richard Deegan's administrative claim notice. Plaintiffs also believe that Mr. Deegan did not know of the FBI's involvement in the death of Teddy Deegan until several weeks after the publicity arising in early January of 2001. In fact, Mr. Deegan stated in ¶8 of his administrative claim notice that the information be relied was made public "on or about January 31, 2001", **Exhibit A**. However, the plaintiffs have been unable because of the press of time to obtain an affidavit from Richard Deegan confirming that he did not have knowledge of that FBI involvement until at least January 31, 2001. If the claim accrued on that date, Mr. Deegan's administrative claim would be timely and would justify the denial of the motion to dismiss.

The plaintiffs ask for leave of this Court to pursue testimonial evidence from Mr. Deegan or others regarding knowledge of FBI involvement in Edward Deegan's death. The Plaintiffs ask for an enlargement of time in which to file such evidence up to and including February 22, 2005.

Plaintiffs say that such an extension of time to obtain testimony from a non-party witness is not unreasonable given the circumstances of this case and the risk of loss of all rights on the part of the plaintiffs if the motion to dismiss is granted.

For these reasons, plaintiffs ask that this Court permit the plaintiffs to submit additional testimonial evidence up to and including February 22, 2005.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs herein request that this Court hear oral argument on the Motion of the Plaintiffs for Leave to Submit Additional Evidentiary Materials.

Respectfully submitted,
Plaintiffs,
By their attorneys,

*[signature]*

Neil Rossman, BBO#430620

*[signature]*

Paul F. Denver, BBO#120755
Rossman & Rossman
Marketplace Center – North
200 State Street
Boston, MA  02109
(617) 439-9559

DATED:  January 7, 2005

3

U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1 Center Plaza
Boston, MA   02108
617-742-5533
February 7, 2003

Anthony M. Cardinale
Attorney At Law
655 Summer Street
Boston, Massachusetts 02210

Re: Estate of Edward Deegan
    <u>Federal Tort Claims Act Administrative Claim</u>

Dear Mr. Cardinale:

      This letter will acknowledge receipt of your letter, dated January 27, 2003, enclosing a Standard Form 95 with attachments, including an Authorization of Legal Representation regarding the above referenced claim. Your letter was received by this office on January 27, 2003. Please be advised that your letter with attachments including the SF-95 Claim Form will be referred to the Office of the General Counsel at FBI Headquarters in Washington, D.C. for appropriate handling.

      In the mean time, if you have any questions concerning this matter, please contact Frank M. Davis, Chief Division Counsel, (617) 223-6544.

Sincerely yours,

William D. Chase
Acting Special Agent In Charge

By: *[signature]*
SSA Frank M. Davis
Chief Division Counsel

ANTHONY M. CARDINALE
ATTORNEY AT LAW
656 SUMMER STREET
BOSTON, MASSACHUSETTS 02210

(617) 345-5400
FAX (617) 345-0900

January 27, 2003

BY HAND DELIVERY ( Via Brattle Courier )
Federal Bureau of Investigation
Legal Counsel
Boston Field Office
One Center Plaza
Boston, MA 02108

Re: Estate of Edward Deegan

Dear Sir/Madam,

    Enclosed please find a completed Standard Form 95 pursuant to 28 CFR 14.2, with attachments, including an Authorization of Legal Representative.

    Thank you for your attention to this matter.

                                              Very truly yours,

                                              Anthony M. Cardinale

AMC:sk
Enclosure

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Federal Bureau of Investigation<br>Legal Counsel<br>Boston Field Office<br>One Center Plaza, Boston MA 02108 | Claimant: Estate of Edward Deegan<br>Richard Deegan, Administrator<br>39 Redwood Lane<br>Hyannis, MA 02611 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>1/02/29 | 5. MARITAL STATUS<br>Divorced | 6. DATE AND DAY OF ACCIDENT<br>See Attached | 7. TIME (A.M. OR P.M.)<br>See Attached |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

See Attached

### PROPERTY DAMAGE

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

No Property damage is alleged

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N.A.

### PERSONAL INJURY/WRONGFUL DEATH

10. STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached

### WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See Attached | |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| None | $ 50,000,000.00 | $ 50,000,000.00 | $ 100,000,000.00   $0.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* Esq. | 13b. Phone number of signatory<br>617-345-5400 | 14. DATE OF CLAIM<br>01/27/03 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109<br>Previous editions not usable.<br>This form was electronically produced by National Production Services Staff

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

(a) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(b) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☐ No

NONE

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| N/A | N/A |

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** It is necessary that you ascertain these facts.

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) ☐ No

NONE

SF 95 (Rev. 7-85) BACK

ATTACHMENT TO FORM 95 CLAIM BY RICHARD DEEGAN, ADMINISTRATOR OF THE ESTATE OF EDWARD DEEGAN:

2.    Claimant's representative:

    Anthony M. Cardinale, Esq.
    655 Summer Street
    Boston, MA 02210
    (617) 345-5400
    BBO # 073460

6.    Diverse dated between a date unknown to claimant on which agents of the Federal Bureau of Investigations (hereafter "FBI") first began to receive information from and/or to consider a relationship with James Flemmi, in any event before October, 1964, and January 31, 2001.

8.    a)    Edward "Teddy" Deegan was murdered in Chelsea, Massachusetts, during the early morning hours of March 12, 1965. Based upon information contained in filings which were made public on or about January 31, 2001, in relation to litigation in the matter of the murder convictions of Peter Limone and Joseph Salvati, it has been established that Mr. Deegan was murdered by Vincent James Flemmi and others, including, Joseph Barboza, Roy French, Joseph Romeo Martin, and Ronnie Cassesso.

    b)    It is the claimant's position that the injuries to and death of Edward Deegan was the proximate result of the wrongful and negligent conduct, acts and omissions of several officers, agents and employees, known and unknown to claimant, of the Federal Bureau of Investigations.

    c)    H. Paul Rico (hereafter "Rico") and Dennis Condon (hereafter "Condon') were special agents of the FBI in 1964 and thereafter. They developed relationships with James Femmi (hereafter "Flemmi") as an informant for the FBI. Due to his criminal record, his unreliability, lack of credibility, and danger to the public safety, and his stated intention to continue to commit crimes, including murder, all of which were known to Rico and Condon, Flemmi was not qualified, suitable or appropriate to serve as an informant of the FBI. Rico and Condon, and other FBI agents, their supervisors and superiors, all failed to follow appropriate procedures and guidelines with respect to the selection of informants, and with particularly the employment of Flemmi as an informant. Rico, Condon, other FBI agents, and their supervisors and superiors failed to follow proper guidelines and procedures with respect to monitoring and approving the actions of Flemmi, with the result that he was allowed and/or encouraged to engage in criminal activity, including murder and conspiracy to murder and other crimes. Such acts were neither suitable, appropriate, or legal for FBI informants.

1

d) FBI agents were informed as early as May 22, 1964, that Flemmi had stated that "all he wants to do is to kill people", and in October, 1964, that Flemmi's stated aspiration was to become the number one "hit man" in the Boston area. FBI agents were also advised as early as March 3, 1965, that Genaro J. Angiulo, an alleged member of the mafia in Boston, was of the opinion and had communicated to Raymond Patriarca, (hereafter "Patriarca") the alleged head of the mafia in New England, that Flemmi "did not use sufficient common sense when it came to killing people."

e) Rico and/or Condon learned directly or indirectly from Flemmi of the planned murder of Edward Deegan on or before March 10, 1965. FBI agents also learned on or before March 9, 1965, that Flemmi had sought an "ok" from Patriarca to kill Edward Deegan. On or before March 10, 1965, FBI agents also learned directly or indirectly from Patriarca that Flemmi had gone to Providence, Rhode Island, to get the "ok" from Patriarca to kill Edward Deegan. Rico, Condon, and other agents of the FBI failed to warn Deegan, failed to properly control the activities of their informant, Flemmi, and failed to take any steps to prevent the murder. As a direct result, Edward Deegan was murdered on March 12, 1965.

f) The information contained in paragraphs 8 a) through 8 e), above, was communicated on or about the dates stated to the Special Agent in Charge (hereafter "SAC") of the Boston Field Office and forwarded to FBI headquarters in Washington, DC, in communications directed to the "Director" of the FBI.

10. See paragraphs 8 a) through 8 f), above. The claimant states that the decedent is Edward Deegan. Further answering, claimant states that the death of Edward Deegan was the proximate cause of the wrongful and negligent acts and omissions of FBI agents Rico, Condon, their FBI supervisors, who collectively failed to and negligently supervised Rico, Condon and other FBI agents in the recruitment, employment and management of informant Flemmi. The FBI, through the above individuals, wrongfully and negligently failed to prevent the improper employment of Flemmi as an informant and failed to prevent Rico and Condon from allowing and/or encouraging Flemmi to commit illegal acts. Rico, Condon and their FBI supervisors wrongfully and negligently failed to follow applicable informant guidelines in the recruitment and handling of Flemmi and in their failure to warn or protect Edward Deegan prior to his murder.

11. The names of all persons with knowledge of this matter are not presently known to claimant. The following individuals are witnesses to one or more of the relevant events. Claimant reserves the right to call additional witnesses in the event this matter is ultimately tried:

1. Richard Deegan, 39 Redwood Lane, Hyannis, MA
2. H. Paul Rico (Florida)

2

3. Dennis Condon (address unknown)
4. Agents, Supervisors and personnel at FBI- Boston (1964 - present)
5. Agents, Supervisors and personnel at FBI- Headquarters (1964 - present)
6. Friends and relatives of Edward Deegan
7. Various public and private record-keepers
8. Medical experts to establish the nature and extent of injuries to Edward Deegan
9. Roy French (address unknown)


END

## AUTHORIZATION OF LEGAL REPRESENTATIVE

Richard Deegan, administrator of the estate of Edward Deegan, hereby authorizes Attorney Anthony M. Cardinale, Esq., 655 Summer Street, Boston, MA, 02210, to act as his duly authorized agent and legal representative in connection with all matters relevant to the presentation and prosecution of a claim by the said Richard Deegan, administrator of the estate of Edward Deegan against the United States for all damages resulting from the wrongful death of Edward Deegan.

_____
Richard Deegan, Administrator of the Estate of Edward Deegan

Signed and subscribed under the pains and penalties of perjury, before me this 23 day of January, 2003

_____
Notary Public

GEORGE B. CAVANAUGH
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES
10-9-2003

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

_____ Division

Docket No. _____

## Voluntary Administration

Name of Decedent __Edward Deegan__
Domicile at Death __38 South Russell Street__   __Boston__   __Suffolk__   ____
(Street and No.)   (City or Town)   (County)   (Zip)

Date of Death __March 1963__
Death Certificate shall be filed with application.
Name and address of Applicant(s) __Richard P. Deegan__
__39 Redwood Lane, Hyannis MA__   Status __Brother - Sibling__

Your applicant(s) respectfully state(s) that said estate consisting entirely of personal property the total value of which does not exceed fifteen thousand dollars ($15,000) exclusive of the decedent's automobile as shown by the following schedule of all the assets of said deceased known to the applicant(s):

| Name of Property | Estimated Value |
|---|---|
| NONE | $ N/A |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
| Total | $ |

That thirty days have expired since the date of death of said deceased and no petition for probate of will or appointment of administration/administratrix has been filed in said Court.

That your applicant(s) has undertaken to act as voluntary administrator/administratrix of the estate of said deceased and will administer the same according to law and apply the proceeds thereof in conformity with Section 16 of Chapter 195 of the General Laws.

That to the knowledge of the applicant(s) the following are the names and addresses of all persons surviving who, with the deceased, were joint owners of property; also listed are the names and addresses of those who would take under the provisions of Section 3 of Chapter 190 in the case of intestacy.

__Rita Elizabeth Slyvester__
__53 Tremont Street__
__Norwood, MA 02062__

☐ The applicant(s) hereby certif____ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the Department of Public Welfare, P.O. Box 86, Essex Station, Boston, Massachusetts 02112.

Date __1/19/02__    Signature __Richard Deegan__

**NOTARIZATION**

__Suffolk__, ss.    Date __1/19__, 19__02__

Then personally appeared __Richard Deegan__ to me known and made oath that the information contained in the foregoing statement is true to the best of his/her/their knowledge and belief.

Before me, __[signature]__
NOTARY PUBLIC/JUSTICE OF THE PEACE
My Commission expires __10/13/2006__

CJ-P7 (8/92)