UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Catherine Deegan Patterson, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-11817 JLT |
| ) | |
| United States of America, *et al.* ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENTIARY MATERIALS**

**INTRODUCTION**

Plaintiffs, Catherine Deegan Patterson, individually and as Administratrix of the Deegan Estate, and Yvonne Deegan Gioka, brought this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq, seeking damages for the alleged wrongful death of their father, Edward "Teddy" Deegan ("Deegan"). The United States has moved to dismiss this action for lack of subject matter jurisdiction because plaintiffs failed to present their administrative claim within two years of accrual as required by statute, 28 U.S.C. § 2401(b), and now the claims are forever barred. Id. The plaintiffs filed an opposition to United States' motion to dismiss on January 7, 2005, and the United States fully intends to file a reply to the plaintiffs' opposition.

The plaintiffs simultaneously filed the instant motion for leave to submit additional evidentiary materials. As grounds for the motion for leave to submit additional evidentiary materials, the plaintiffs allege that the United States asserted that the date of accrual is

1

January 8, 2001. However, the Memorandum in Support of United States Motion to Dismiss also shows that the plaintiffs knew or should have known of their claim as early as the 1980s when there was widespread media publicity reporting that innocent men may have been implicated by government informant Barboza who indicated his intention to recant his testimony on the murder of Edward Deegan. The January 8, 2001, date is the <u>latest</u> possible date of accrual because that is when Judge Hinkle entered an opinion in <u>Commonwealth v. Peter Limone</u>, 2001 WL 30494, from which the plaintiffs primarily drew their facts for their administrative claim.

## BACKGROUND

Plaintiffs' motion for leave to submit additional evidentiary materials should be denied because there is no need for any additional evidence for this Honorable Court to rule on the United States' Motion to Dismiss. The plaintiffs state that "an extension of time to obtain testimony from a non-party witness is not unreasonable given the circumstances of this case and the risk of loss of all rights on the part of the plaintiffs if the motion to dismiss is granted." However, the First Circuit applies an objective standard to determine accrual. Therefore, the issue does not turn on testimony from third-parties. Instead, the test is what the plaintiffs knew or should have known with respect to their injury and its cause. In this case, granting plaintiffs leave to submit additional evidentiary materials will do nothing more than waste judicial time and resources, as well as those of the parties.

## ARGUMENT

The plaintiffs ask for permission to obtain additional evidence until February 22, 2005. The plaintiffs to rely primarily on an administrative claim that was filed by their

uncle, Richard Deegan, on January 27, 2003, in which "Mr. Deegan stated in ¶ 8 of his administrative claim notice that the information be (sic) relied on was made public 'on or about January 31, 2001.'" As a preliminary matter, no weight can be given to this self-serving statement in Mr. Deegan's administrative claim because, despite plaintiffs purported adoption of it, that claim is a nullity. Mr. Deegan's filing of an administrative claim on behalf of the estate as a volunteer administrator was improper and must be disregarded. In Marco v. Green, the Supreme Judicial Court of Massachusetts held, "a voluntary administrat[or] . . . possesses no authority to bring a wrongful death claim." Marco v. Green, 415 Mass. 732, 615 N.W.2d 928 (emphasis added). So, not only is Richard Deegan's claim untimely, it is also improper.

More significantly, however, confirmation of Mr. Deegan's belief or that of any other third-party will not be helpful to this Court in resolving the statute of limitations issue because the key issue turns on what the plaintiffs knew or reasonably should have known rather than what a third-party knew. Therefore, plaintiffs are not entitled to additional time to discover Mr. Deegan's or other's opinions as to when particular information was made public. Such testimony cannot undercut the wealth of press articles from newspapers of wide circulation that the United States established were readily available.

In Skwira v. United States, 344 F.3d 64 (1st Cir. 2003) and McIntyre v. United States, 367 F.3d 38 (1st Cir. 2004), the First Circuit held that accrual of a FTCA claim is based on an objective standard. In Skwira, the court articulated the following standard: "the proper subject of knowledge for accrual purposes under the FTCA is (1) the fact of the injury and (2) the injury's causal connection with the government." Skwira, 344 F.3d at 77. The Skwira court stressed that "there is, of course, a reasonable diligence component to this

knowledge requirement.  A plaintiff may not 'bury her head in the sand.'  If she fails to undertake a reasonably diligent investigation into the cause of injury, the law will impute to her an awareness of any knowledge that she would have uncovered if she had undertaken that inquiry."  Id. (citations omitted); see also McIntyre v. United States, 367 F.3d 38, 52 (1st Cir. 2004) (although "[a] claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim . . . such suspicions give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence.").  Therefore, definitive knowledge is not required for a claim to accrue. McIntyre, 367 F.3d at 52 (emphasis added).  As the Skwira court stressed, "one does not have to be certain of actionability in order to submit an administrative claim."  Skwira, 344 F.3d at 81. (emphasis in original).

    The plaintiffs had notice of their claim as late as January 8, 2001, when Judge Hinkle issued the Limone opinion.  Under the objective standard, the fact that Richard Deegan and/or Catherine Deegan Patterson claim that they had no knowledge of their claim until January 31, 2001, is not determinative.  Where, as here, "events receive . . . widespread publicity, plaintiffs may be charged with the knowledge of their occurrence." McIntyre, 367 F.3d at 60, citing United Klans of Am. v. McGovern, 621 F.2d 152, 154 (5th Cir. 1980).  Even if a plaintiff claims not to have read any of the local press coverage of her father's murder, the First Circuit has held that "[a] reasonable person in [her] situation would have been provoked to inquire further; had she done so, she would have filed a claim earlier." McIntyre, 367 F. 3d at 60-61.

    Because an objective standard applies, the plaintiffs' motion for leave to obtain testimony from their uncle is unnecessary and futile.  Accordingly, there is no need to

prolong this case and require the parties to engage in such discovery. In this case, the plaintiffs' father's 1965 murder, murder trial and subsequent relative revelations received extensive media coverage and national attention, so under the objective standard, the plaintiffs knew or should have known of their claim at the very latest by January 8, 2001.

## CONCLUSION

Therefore, the United States respectfully requests this Honorable Court to deny the plaintiffs' motion for leave to submit additional evidentiary materials.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch


        /s/Bridget Bailey Lipscomb
        BRIDGET BAILEY LIPSCOMB
        Trial Attorney, Torts Branch
        Civil Division, U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C.  20044
        (Phone) (202) 616-9356
        (Fax) (202) 616-5200

Dated:  January 11, 2005        Attorneys for the United States

## CERTIFICATE OF SERVICE

     I, Bridget Bailey Lipscomb, hereby certify that on January 11, 2005, I served a true copy of the United States Opposition To Plaintiffs Motion For Leave To Submit Additional Evidentiary Materials on:

     Neil Rossman
     Paul F. Denver
     Rossman & Rossman
     Marketplace Center - North
     200 State Street
     Boston, MA 02109

     /s/Bridget Bailey Lipscomb
     BRIDGET BAILEY LIPSCOMB